Copy mailed by chambers 3/26/26. DH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
CALVIN SMITH,                           :
    Petitioner,                :      **OPINION AND ORDER**
v.                                      :
          :      21 CR 802 (VB)
UNITED STATES OF AMERICA,                :      25 CV 2894 (VB)
    Respondent.               :
--------------------------------------------------------x

Briccetti, J.:

Petitioner Calvin Smith, proceeding pro se, moves pursuant to 28 U.S.C. § 2255 to

vacate, set aside, or correct his sentence, arguing, among other things, that 18 U.S.C. § 922(g)(1)

is unconstitutional.  (Doc. #1).[1]

For the following reasons, the motion is DENIED and the petition is DISMISSED.

## BACKGROUND

On September 13, 2020, officers responded to a report of shots fired near Manhattan

Avenue in Greenburgh, New York.[2]  At the scene, officers identified a .380 caliber round of

ammunition and a .380 caliber shell casing near what they observed to be drops of blood.  A

witness informed officers that one male shot at another male (the "Victim").  According to

witnesses who drove the Victim to the hospital, Smith and the Victim were arguing prior to the

shooting.  One of the witnesses heard Smith say he was going to shoot the Victim.  Another

witness observed the argument between Smith and the Victim and thereafter heard gunshots and

saw the Victim lying on the ground.

---

[1] Citations to "Doc. #__" herein are references to documents filed on the ECF docket for case no. 25-cv-2894 (VB).  Citations to the transcript for Smith's guilty plea proceeding ("Plea Tr.") can be found on the ECF docket for case no. 21-cr-802 (VB), at docket entry 34.

[2] These facts are taken from the offense conduct section of the revised presentence investigation report, which the Court adopted as its findings of fact at sentencing.

1

On January 25, 2021, a firearm was recovered near where the Victim and Smith had been observed prior to the shooting.  Testing revealed that the .380 caliber shell casing previously seized at the scene of the shooting had been fired from the recovered firearm.

On June 22, 2021, the FBI interviewed Smith.  Smith waived his Miranda rights and admitted to shooting the Victim.  Smith had several prior felony convictions.

On October 13, 2021, Smith was charged in a single count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and (2).

On January 14, 2022, Smith waived indictment and pleaded guilty as charged.  On May 16, 2022, this Court sentenced Smith to 96 months' imprisonment, to be followed by three years' supervised release.  Judgment was entered on May 17, 2022.  Smith did not appeal.

Nearly three years later, on April 7, 2025, Smith filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (Doc. #1).  In this motion, Smith challenged his conviction on the ground that Section 922(g)(1) is unconstitutional in light of New York State Rifle & Pistol Ass'n Inc. v. Bruen, 597 U.S. 1 (2022).[3]  (Id. at ECF 13–19).[4]  This Court ordered Smith to show cause why the motion should not be denied as time-barred.  (Doc. #4).

On May 5, 2025, Smith filed a declaration in response to the Court's order to show cause arguing, among other things, that he is actually innocent because he is serving a sentence pursuant to an unconstitutional statute.  (Doc. #5).  The government opposed Smith's petition, arguing Smith had procedurally defaulted on his claim, and that his claim was otherwise meritless.  (Doc. #11).

---

[3]    Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

[4]    "ECF ___" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

2

On August 6, 2025, Smith filed a reply titled "Amendment to Order to Show Cause and 2255." (Doc. #13). In this filing, Smith conceded his motion was untimely, but argued his untimeliness was excused by the doctrine of equitable tolling. (Id. at ECF 2–5). Smith also argued Section 922(g)(1) is unconstitutional because it is "overbroad." (Id. at ECF 5–10).

Shortly thereafter, on August 12, 2025, Smith filed another motion and attached declaration. (Doc. #14). This motion requested (i) appointment of counsel to assist Smith in filing an amended Section 2255 petition and a motion for an evidentiary hearing on the attached declaration, (ii) leave to amend his original Section 2255 petition, (iii) that the Court direct the government to admit or deny the allegations set forth in the attached declaration, and (iv) that Smith be released on bail pending the disposition of his Section 2255 motion. (Id.). Smith also raised new arguments that (i) he received ineffective assistance of counsel, (ii) his due process rights were violated, and (iii) he was injured by the prosecution in violation of his Second, Fifth, and Eighth Amendment rights. (Id.). By order dated August 19, 2025, the Court denied Smith's requests for appointment of counsel, an evidentiary hearing, and bail pending the disposition of his Section 2255 petition, and also directed the government to respond to Smith's remaining arguments. (Doc. #15). The government filed its response on October 8, 2025. (Doc. #16).

## DISCUSSION

The government contends Smith's Section 2255 motion is untimely, procedurally barred, and, in any event, meritless. The government also argues Smith's amended claims fail for those same reasons.

The Court agrees.

I.      Timeliness

A sentenced defendant must file a motion to vacate, correct, or set aside a sentence within one year of the latest of four benchmark dates:  when the judgment of conviction becomes final; when a government-created impediment to making such a motion (which impediment is in violation of the Constitution or federal law) is removed; when the right asserted is initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or when the facts supporting the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f)(1) through (4).  Equitable tolling may excuse an untimely Section 2255 motion, but only when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"  Rivas v. Fischer, 687 F.3d 514, 538 (2d Cir. 2012) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)); accord United States v. Wright, 945 F.3d 677, 684 (2d Cir. 2019).  Equitable tolling "applies only in rare and exceptional circumstances."  Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000).

Here, Smith's conviction became final on May 31, 2022, when his time to file a notice of appeal expired.  This is because Smith had fourteen days after the entry of judgment on May 17, 2022, to file a notice of appeal, see Fed. R. App. P. 4(b)(1)(A)(i), and an "unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."  Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005).  Thus, to be timely under Section 2255(f)(1), Smith needed to file the instant Section 2255 motion by May 31, 2023.  Because Smith did not do so until April 7, 2025, his motion is untimely.

Smith recognizes his motion is untimely, but he argues the untimeliness is nevertheless excused under the doctrine of equitable tolling.  (Doc. #13 at ECF 2–5).  Specifically, Smith

4

claims he "had no access to federal jurisprudence" while in state custody from May 2022 through May 2024. (Id. at ECF 2). Smith also claims he was "separated" from his "legal property" when he was transferred to federal custody in May 2024. (Id. at ECF 3).

These circumstances, even if true, do not warrant equitable tolling. First, "routine restrictions on prison life do not constitute extraordinary circumstances." Alvarez v. United States, 2019 WL 1428350, at *5 (S.D.N.Y. Mar. 29, 2019); see also Lindo v. Lefever, 193 F. Supp. 2d 659, 663 (E.D.N.Y. 2002) ("Transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances."). And even if they did, Smith has not met his burden of establishing he "acted with reasonable diligence throughout the period he seeks to toll." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). Smith's bald assertion that "it was beyond [his] control" to timely file his Section 2255 motion in no way establishes diligence. (Doc. #13 at ECF 3–4); Hines v. United States, 2021 WL 2456679, at *3 (S.D.N.Y. June 16, 2021) ("Despite limited library . . . access, there is no reason to believe that Defendant could not prepare and submit a simple one-paragraph document to preserve his rights under § 2255.").

In short, Smith's motion is untimely under Section 2255, and he has failed to establish he is entitled to equitable tolling. Therefore, the motion must be denied.

II.    Procedural Default

Even if Smith's claim that Section 922(g)(1) is unconstitutional was timely—which it is not—Smith did not advance this claim in a direct appeal, which means it is procedurally defaulted unless he can show "either (1) 'cause' for the failure to bring a direct appeal and 'actual prejudice' from the alleged violations; or (2) 'actual innocence.'" Zhang v. United States, 506 F.3d 162, 165 (2d Cir. 2007) (quoting Bousley v. United States, 523 U.S. 614, 622

(1998)).  "To satisfy the cause requirement, the petitioner must show circumstances external to the petitioner, something that cannot be fairly attributed to him."  Id.

Here, Smith does not even attempt to make a showing of cause for his failure to bring a direct appeal.  At best, when construing Smith's submissions liberally, he asserts that his challenge to Section 922(g)(1) in light of Bruen was so novel that it was unavailable to him on direct appeal.  (Doc. #1 at 6–7).  However, a claim is not "unavailable" to a petitioner when others are raising that same claim at the time of direct review.  See Bousley v. United States, 523 U.S. at 622–23 (finding claim was not "unavailable" despite its novelty where "the Federal Reporters were replete with cases involving" similar challenges).  Here, Bruen was argued more than two months before Smith pleaded guilty, and more than seven months before he was sentenced.  (Doc. #11 at 7).  Thus, it cannot be said that Smith's challenge to Section 922(g)(1) was so novel as to be deemed "unavailable," even though this challenge would not have prevailed in the Second Circuit at the time.  Bousley v. United States, 523 U.S. at 623.  Further, even if Smith had shown cause for his failure to advance this argument on direct appeal, he cannot show prejudice resulting from this failure because, as discussed further below, the argument is without merit.

The Court also rejects Smith's contention that his procedural default may be excused because he is "actually innocent."  (Doc. #5 at 3–4).  "Actual innocence means factual innocence, not mere legal insufficiency."  Bousley v. United States, 523 U.S. at 623.  Here, Smith argues "because he is serving a sentence pursuant to an unconstitutional statute, he is actually innocent."  (Doc. #5 at 3).  This is a purely legal argument which in no way excuses Smith's procedural default.  See Darby v. United States. 508 F. App'x 69, 71 (2d Cir. 2013) ("The Supreme Court has made clear that the actual innocence exception is very narrow and is

concerned with actual as compared to legal innocence.  The exception, therefore, does not apply where the petitioner merely makes a legal argument.").

In short, even if Smith's motion were timely, it would still be denied because he procedurally defaulted on his claim that Section 922(g)(1) is unconstitutional.

III.    Leave to Amend

Smith's motion to amend his Section 2255 petition is governed by Federal Rule of Civil Procedure 15(a), which instructs the Court to "freely give leave to amend when justice so requires."  Thaler v. United States, 706 F. Supp. 2d 361, 368 (S.D.N.Y. 2009).  While the Court has discretion to grant or deny leave to amend, such leave should generally be denied when futile.  Id.  Leave to amend may be denied as futile when the claims sought to be added are (i) untimely, Soler v. United States, 2010 WL 4456343, at *3–5 (S.D.N.Y. Oct. 18, 2010), (ii) procedurally barred, Dominguez v. United States, 2005 WL 1153767, at *4 (S.D.N.Y. May 12, 2025), or (iii) meritless, Santiago-Ortiz v. United States, 2023 WL 3740228, at *3 (S.D.N.Y. May 31, 2023).

Here, Smith's motion for leave to amend was filed on August 12, 2025, long after the limitations period expired on May 31, 2023.  For the same reasons detailed above, Smith is not entitled to equitable tolling as to his amended claims.  And, again, Smith's amended argument that he is actually innocent in light of ATF Rules and Regulations presents a legal argument— not a factual one—which does not excuse Smith's untimeliness.  Darby v. United States, 508 F. App'x at 71.  Smith's untimeliness alone provides an adequate basis to deny his motion for leave to amend as futile.[5]  See Soler v. United States, 2010 WL 4456343, at *3–5

---

[5]    To the extent Smith argues his amended claims are timely under the doctrine of relation back, that argument is meritless.  Federal Rule of Civil Procedure 15(c) permits amended claims, under certain circumstances, to "relate back" to the time of filing of the original motion.  Here,

Further, with the exception of Smith's claim of ineffective assistance of counsel, Smith has procedurally defaulted on all of his amended claims by failing to advance them in a direct appeal.  Zhang v. United States, 506 F.3d at 165; see also Massaro v. United States, 538 U.S. 500, 509 (2003) ("Failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255.").  Smith's procedural default provides further reason to deny his motion for leave to amend as futile.  See Dominguez v. United States, 2005 WL 1153767, at *4.  And, as detailed further below, all of Smith's amended claims are meritless.

Accordingly, Smith's motion for leave to amend is denied.[6]

IV.   Merits

The Government argues that even if the Court could entertain Smith's Section 2255 motion, his claims are all meritless.

The Court agrees.

A.   Section 922(g)(1) is Constitutional

First, Smith claims his conviction should be vacated because Section 922(g)(1) is unconstitutional in light of the Supreme Court's decision in New York State Rifle & Pistol Ass'n Inc. v. Bruen, 597 U.S. 1, 24 (2022).  (Doc. #1 at ECF 13–19).  This argument is foreclosed by Zherka v. Bondi, 140 F.4th 68 (2d Cir. 2025) (reaffirming that Section 922(g)(1) remains constitutional under the standard set forth in Bruen).

---

however, Smith's original Section 2255 motion was itself untimely.  Accordingly, even if Smith's amended claims were to relate back to his original filing, they would still be untimely.

[6]   Smith also requests the Court direct the government to "specifically deny or admit the fact(s) and circumstances" stated in his declaration.  (Doc. #14 at ECF 1).  This request, which essentially amounts to a request for discovery to further Smith's amended claims, is denied as moot because those amended claims are untimely, procedurally barred, and meritless.

8

Smith seems to recognize as much.  (Doc. #13 at ECF 5).  He maintains however, that Section 922(g)(1) is "overbroad."  (Id. at ECF 5–6).  The thrust of Smith's argument seems to be that Section 922(g)(1) cannot prohibit "a prior felony offender" from "carrying a firearm for self defense outside of their home."  (Id. at ECF 5–10).  This argument is similarly foreclosed by Zherka.  140 F.4th at 93 ("There is no historical basis upon which we could declare Section 922(g)(1) unconstitutional because it sweeps too broadly.").

At bottom, Smith's argument is meritless because Section 922(g)(1)'s prohibition on the possession of firearms by convicted felons does not run afoul of the Second Amendment.

B.      Smith's Amended Claims

Smith's amended claims, were the Court to entertain them, are similarly meritless.[7]

1.      Smith's Counsel was Not Ineffective

First, Smith claims his counsel was ineffective in nearly a dozen different ways.  (Doc. #14 at ECF 7–9).  To prevail under the familiar standard set forth in Strickland v. Washington, 466 U.S. 688 (1984), Smith must (i) demonstrate his attorney's performance fell below an "objective standard of reasonableness," meaning it amounted to incompetence under "prevailing professional norms," id. at 688, 690, (ii) affirmatively prove prejudice, meaning "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694, not merely that an error "had some conceivable effect on the outcome," id. at 693.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.

---

[7]      To be clear, the Court has denied Smith's motion for leave to amend as futile on the grounds that his amended claims are untimely and—with the exception of his ineffective assistance of counsel claim—procedurally barred.  In any event, for the reasons explained in this section, Smith's amended claims are all meritless.

The majority of Smith's claims of ineffectiveness are waived because they relate to counsel's legal decisions in events preceding Smith's guilty plea and do not undermine the voluntary or intelligent nature of that plea.  See United States v. Coffin, 76 F.3d 494, 498 (2d Cir. 1996); United States v. Blocker, 269 F. App'x 117, 120 (2d Cir. 2008).  And even if not waived, none of counsel's alleged errors—such as failing to make a record of irrelevant ATF regulations, (Doc. #14 at ECF 9)—amount to incompetence under "prevailing professional norms."  Strickland v. Washington, 466 U.S. at 688.

Smith's arguments regarding counsel's performance following his guilty plea are also meritless.  First, Smith argues his counsel was ineffective by failing to (i) file a Rule 35(a) motion to "preserve the record for appeal."  (Doc. #14 at ECF 8).  Rule 35(a) enables the Court, within fourteen days after sentencing, to "correct a sentence that resulted from arithmetical, technical, or other clear error."  Fed. R. Crim. P. 35(a).  Rule 35(a) does not concern preserving the record for appeal, and in any event, Smith has not identified any arithmetical, technical, or other clear error in his sentence.

Second, Smith argues his counsel failed to inform him of the "available appellate issue" of whether Smith's conduct was prosecutable in light of ATF regulations.  (Doc. #14 at ECF 9).  As explained below, Smith's reliance on these regulations is unavailing, and as such it cannot be said his counsel was deficient for failing to raise this issue.

Finally, Smith argues his counsel was ineffective for failing to file a notice of appeal.  (Doc. #14 at ECF 9).  This argument fails because Smith has not established he asked counsel to file an appeal, or on what grounds.  See United States v. Nicholas, 2025 WL 744023, at *5 (S.D.N.Y. Mar. 7, 2025).

Further, with respect to each and every claim of error detailed above, Smith has done nothing to satisfy his burden of showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. at 694.

2.    Smith's Due Process Rights Were Not Violated

Smith argues his "sentence was imposed in violation of right(s) to due process as protected by the Fifth Amendment of the U.S. Constitution." (Doc. #14 at ECF 10). Specifically, he seems to argue his due process rights were violated because (i) the Government did not inform him of ATF regulations, (ii) irrelevant evidence was introduced during his guilty plea proceedings, and (iii) his conduct did not satisfy the knowledge requirement contained in 18 U.S.C. § 924(a)(2). (Doc. #14 at ECF 4–5).

These arguments are all without merit.

First, the government had no reason to inform Smith of publicly available ATF regulations, which had no bearing on the charges against him. Indeed, one regulation cited by Smith simply explains, consistent with Section 922(g)(1), that "[n]o person may . . . possess any firearm or ammunition . . . who . . . [h]as been convicted in any court of a crime punishable by imprisonment for a term exceeding 1 year." 27 C.F.R. § 478.32(a)(1). In any event, Smith does not explain how his due process rights were impeded by the government's failure to inform him of these irrelevant ATF regulations.

Second, Smith does not explain how the introduction of "irrelevant evidence" during his guilty plea proceedings violated his due process rights. Indeed, the Court did not receive any evidence at these proceedings. In any event, evidence of the "at-issue firearm" and Smith's "prior record" would in fact have been relevant to Smith's guilty plea. See United States v.

11

Estevez, 961 F.3d 519, 527 (2d. Cir. 2020) (detailing the essential elements of Section 922(g)(1)).  Further, Smith does not explain how his claim that he "was not and still is not . . . registered with the ATF" rendered evidence irrelevant or otherwise affected his due process rights.  (Doc. #14 at ECF 5).

Finally, the knowledge requirement of Section 924(a)(2) is irrelevant because Smith was not convicted under its terms—he was convicted under Section 922(g)(1).  To the extent Smith means to argue did not have the requisite knowledge to be convicted under Section 922(g), that argument also fails.  Section 922(g) requires the government to prove defendant "knew he possessed a firearm" and "knew he belonged to the relevant category of persons barred from possessing a firearm."  Rehaif v. United States, 588 U.S. 225, 237 (2019).  Here, Smith admitted during his plea allocution that he knew he "possessed a pistol" and "at the time, [] knew [he] had been previously convicted of a felony."  (Plea Tr. at 33).

### 3.    Smith Was Not Injured by the Prosecution

Smith argues he was injured by the prosecution in violation of his Second, Fifth, and Eighth Amendment rights.  (Doc. #14 at ECF 10–11).  However, Smith does not explain precisely what injury he suffered.  He seems to claim he was injured because the government proceeded with the "unlawful objective of coercing consent from Mr. Smith to [be] made subject to the ATF's voluntary federal program."  (Id.).  But Smith does not identify what that voluntary program is, nor does he introduce evidence showing the government coerced his participation in it.  Thus, Smith's cursory allegation that he was injured by the prosecution does not make out a claim for violation of his constitutional rights.  As detailed above, Smith's rights under the Second and Fifth Amendments were not violated.  And Smith does not raise issues of cruel or unusual punishment to suggest a violation of his Eighth Amendment rights.

**CONCLUSION**

Petitioner Calvin Smith's motion under 28 U.S.C. § 2255 is DENIED and the petition is DISMISSED.

As Smith has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability will not issue.  28 U.S.C. § 2253(c)(2).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to mail a copy of this opinion and order to petitioner Calvin Smith at the following address:

> Calvin Smith, Reg. No. 69509-509
> FCI Ray Brook
> Federal Correctional Institution
> P.O. Box 900
> Ray Brook, NY  12977

The Clerk is further instructed to update petitioner's address on the docket in case no. 25-cv-2894 to the above address.

The Clerk is further instructed to close case no. 25-cv-2894.

Dated:  March 26, 2026
    White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

13